FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  NOV 09 2012  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DIANA L. BERNAL,

                                    Plaintiff,

            -against-

THE NEW YORK FOUNDLING
and "JOHN DOE,"

                                    Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-4346 (SLT) (RLM)

**TOWNES, United States District Judge:**

Plaintiff Diana L. Bernal commenced this pro se action on August 27, 2012, against the New York Foundling Hospital ("NYF") and a security guard (collectively, "Defendants"), and seeks leave to proceed in forma pauperis.   For the reasons set forth below, her request to proceed in forma pauperis is granted solely for the purpose of this order, and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.      BACKGROUND

Bernal's complaint concerns an August 25, 2011, visit she made to NYF to see her nieces and nephews who are in foster care placement. (Compl. ¶ III).  She was informed that she could not visit them. (Id.).  As she was leaving the building, a security guard "purposely bumped into me and yelled at me 'to get out.'" (Id.).  She alleges that he continued to "bump into me" and, as she was exiting the building, the security guard "pushed me hard towards the outside of the building causing me to lose my balance and stagger[] a few feet." (Id.).  She alleges that this incident caused her "to suffer emotional distress, embarrassment, humiliation and physical

harm." (Id.). She invokes this Court's federal question jurisdiction and files this claim for damages pursuant to 42 U.S.C. § 1983, (Compl. ¶ IV ).

## II.   STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009).   As Plaintiff is proceeding pro se, her complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and "interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, 28 U.S.C. § 1915 (e)(2)(B) dictates that a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

As part of this inquiry, it is important to note that not every action has a home in federal court. Pursuant to Article III of the United States Constitution, "federal courts are courts of limited jurisdiction." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009). For a federal court to exercise subject-matter jurisdiction, a plaintiff must either (1) put forth a claim "arising under the Constitution, laws or treaties of the United States," creating "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) show that the action is between "citizens of different states" for an amount exceeding $75,000, creating

"diversity jurisdiction" under 28 U.S.C. § 1332(a).  It is well established that "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action." Fed. R. Civ. P. 12(h)(3); see Natl. Comm. to Pres. Soc. Sec. & Medicare v. Philip

Morris USA Inc., No. 09-2321-cv, 2010 WL 3933494, at *1 (2d Cir. Oct. 8, 2010) (summary

order).


## III.    DISCUSSION

To maintain a claim under 42 U.S.C. §1983, (1) "the conduct complained of must have

been committed by a person acting under color of state law," and (2) "the conduct complained of

must have deprived a person of rights, privileges or immunities secured by the Constitution or

laws of the United States.  Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).  Section 1983

itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of

rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of

Oklahoma v. Turtle, 471 U.S. 808, 816 (1985)). Additionally, to make out a claim for municipal

liability, a plaintiff must allege that the deprivation of his or her constitutional rights was caused

by an official policy or custom of the municipality.  See Monell v. Dept. of Soc. Servs., 436 U.S.

658, 692-94 (1978).

### A.    State Action

Because the NYF is a private entity, the threshold question is whether it or its employee

can be considered a state actor.  NYF and other private child care agencies have in the past been

treated as state actors. See, e.g., Duchesne v. Sugarman, 566 F.2d 817 (2d Cir. 1977); Vega v.

Fox, 457 F.Supp.2d 172, 182 (S.D.N.Y.  Feb. 21, 2006) ("It is now well established in this

circuit that private child-care institutions authorized by New York's Social Services Law to care

for neglected children are acting 'under color of state law' for purposes of section 1983."). More recently, "the Supreme Court has so drastically changed the legal landscape in this area that these cases are arguably no longer good law." Phelan v. Torres, No. 04-CV-3538 (ERK), 2011 WL 6935354, at *7-14 (E.D.N.Y. Dec. 30, 2011) (finding St. Vincent's Services state actor under current Second Circuit law but discussing changes in Supreme Court precedent that call such law into doubt); see also Jacobs v. Foundling Hospital, 577 F.3d 93, 98-102 (2d Cir. 2009) (finding NYF not a covered "enterprise" under Fair Labor Standards Act, since not municipal public agency but private, non-profit independent contractor). Even assuming, arguendo, that Defendants are state actors for purposes of this Order, Plaintiff has failed to state a claim under federal law.

**B.    Constitutional Violation**

Analysis of a claim brought under § 1983 requires the identification of the precise constitutional right allegedly violated. See Baker v. McCollan, 443 U.S. 137, 140 (1979)). In this case, Plaintiff alleges that her Fourth and Fourteenth Amendment rights were violated by John Doe's "excessive force." (Compl. ¶ IV). However, "[t]he Fourth Amendment covers only 'searches and seizures,' neither of which took place here." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998). The Supreme Court has made clear that a seizure occurs when "the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Florida v. Bostick, 501 U.S. 429, 434 (1991). Plaintiff has not alleged that any such restraint occurred, such that a reasonable person would not have felt "free to leave." United States v. Moreno, 897 F.2d 26, 30 (2d Cir. 1990). Even if she had alleged such facts, she does not indicate that she suffered any injury aside from the fact that she "staggered a few steps." See

4

Graham v. Connor, 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.").

In this case, "where no seizure within the meaning of the Fourth Amendment has taken place, substantive due process analysis is appropriate." Medeiros v. O'Connell, 150 F.3d 164, 169 (2d Cir. 1998). The Supreme Court has explained that "[t]he touchstone of due process is the protection of the individual against arbitrary action of government." Lewis, 523 U.S. at 845. Nevertheless, this guarantee does not impose liability "whenever someone cloaked with state authority causes harm," so that mere negligence does not qualify. Id. at 848. A plaintiff must instead show that the actor's behavior was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Matican v. City of New York, 524 F.3d 151, 155 (2d Cir. 2008). This standard excludes all but the most serious conduct, "lest the Constitution be demoted to . . . a font of tort law." Lewis, 523 U.S. at 848 n.8. Plaintiff does not suggest any conduct approaching that level of seriousness. Moreover, without a constitutional violation, Plaintiff's municipal liability claim (to the extent she alleges one), necessarily fails.

In sum, even affording the complaint a liberal reading, Plaintiff has not stated a claim pursuant to § 1983 upon which relief may be granted and the Court declines to exercise supplemental jurisdiction over any state law she may be asserting. (See Compl. ¶ V). Although finding no basis for federal subject-matter jurisdiction in this case, the Court in no way seeks to minimize the treatment Plaintiff may have suffered during her attempt to visit her nieces and nephews, nor does it offer any comment as to whether state law claims would be appropriate or successful.

5

## IV.   CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject-matter

jurisdiction and failure to state a claim.  See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not

be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

   **SO ORDERED**

/SANDRA L. TOWNES
United States District Judge

Dated: November 9, 2012
       Brooklyn, New York

6